IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN F. RAMOS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VISHAY DALE ELECTRONICS, LLC,<br><br>　　　　　Defendant. | **8:24CV453**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on November 22, 2024, Filing No. 1, and was granted leave to proceed in forma pauperis, Filing No. 6. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT[1]

Plaintiff sues Vishay Dale Electronics, LLC, (Vishay or Defendant) alleging Defendant refused to hire him due to his disability, refused to consider accommodations so he could work, and committed civil conspiracy and obstruction of justice.[2] Filing No. 1 at 3. He claims this conduct occurred between October 26, 2023, and July 5, 2024. Filing No. 1 at 5.

Plaintiff is deaf, has limited English language ability, and communicates via American Sign Language (ASL). The Court takes judicial notice of other pleadings filed by Plaintiff in this Court in which Plaintiff explained:

> ASL is a complete and complex language distinct from English, with its own vocabulary and rules for grammar and syntax—it is not simply English in hand signals. ASL has no

---

[1] Plaintiff's Complaint is difficult to understand, but the Court has done its best to understand it, keeping in mind that Plaintiff has limited English language abilities. *See* Filing No. 1 at 4, 7.

[2] Plaintiff attached to his Complaint a right-to-sue letter issued by the U.S. Equal Employment Opportunity Commission on September 25, 2024. Filing No. 1 at 11. Plaintiff timely filed his suit on November 22, 2024.

written component. For several reasons, including early language deprivation, many deaf people have a very limited ability to read and write in English.

*Ramos v. Cargill Meat Sols. Corp.*, 8:24CV455 (D. Neb.), Filing No. 1 at 7 (quoting *Nat'l Ass'n of the Deaf v. Trump*, No. 20CV2107, 2020 WL 4452083 (Complaint ¶¶ 25-25)).[3]

Plaintiff applied for an open continuous line welder (day shift) position at Vishay. The Human Resources (HR) Manager, who knew Plaintiff from his prior employment at Valmont Industries, interviewed him using a video relay service. The interview lasted only two minutes. The HR Manager rejected Plaintiff's job application, explaining "unfortunately there are no opportunities for you. [T]he job requires you to hear, and we cannot provide accommodations." Filing No. 1 at 9.

Plaintiff filed an EEOC complaint. In response to the EEOC's questioning, Vishay told the EEOC that Plaintiff never applied for a job online and did not complete an application for employment. Filing No. 1 at 7. But Plaintiff had retained the email verification that Vishay received his application, and he presented this documentation to the EEOC. Filing No. 1 at 7, 10. Vishay then admitted it deleted Plaintiff's application. Filing No. 1 at 7. Plaintiff alleges Vishay deleted his application from its records because he filed the EEOC complaint, and then lied to the EEOC. Filing No. 1 at 8.

Plaintiff asks the Court for an order requiring Vishay to contact the Nebraska Commission for the Deaf and Hard of Hearing for an ASL interpreter, work with Nebraska Vocational Rehabilitation to "help people keep job," provide training regarding the deaf culture to all Vishay employees,

---

[3] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

2

managers, the CEO, and its Senior Team, and interview and offer him a job. Filing No. 1 at 5-6.

Plaintiff requests appointed counsel. Filing No. 1 at 8.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that

permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS

Plaintiff's complaint states he is claiming recovery under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; Title I and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117; 42 U.S.C. § 12182; the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 1126; and for civil conspiracy and obstruction of justice. Plaintiff alleges Defendant discriminated against him because of his hearing disability, failed to reasonably accommodate that disability, and denied receiving and destroyed his application. Plaintiff also alleges a violation of Title III of the ADA. Filing No. 1 at 3. For the following reasons, Plaintiff's claims under Title I of the ADA and the NFEPA will be allowed to proceed to service of process, but his Title VII claim, Title III ADA claim, and the conspiracy and obstruction of justice claims will be dismissed.

### A. Employment Discrimination

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), abrogated in part on other grounds by *Twombly,* 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez,* 711 F.3d 49, 54 (1st

Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

1. **Title VII Discrimination**

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To recover for failure to hire, Plaintiff must show (1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class. *Arraleh v. Cnty. of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006) (citing *Kobrin v. Univ. of Minn.*, 34 F.3d 698, 702 (8th Cir.1994)).

Even liberally construed, Plaintiff's complaint fails to state a claim for failure to hire in violation of Title VII. Plaintiff does not allege that he is a member of a protected class or describe any circumstances that would give rise to an inference of discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). He alleges only that he was not hired because he is deaf, and Vishay was unwilling to accommodate that disability. Filing No. 1 at 9. These allegations do not support a reasonable inference that Plaintiff was discriminated against in violation of Title VII, nor do they provide fair notice of the nature and basis or grounds for such a claim.

**2. Disability Discrimination**
   **a. Title I of the ADA and the NFEPA**

The ADA prohibits a covered entity from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). An employee seeking relief under the ADA for discrimination must establish that: 1) he has a disability as defined in 42 U.S.C. § 12102(2); 2) he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and 3) he has suffered an adverse employment action because of his disability. *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015). The disability discrimination provisions in the NFEPA are patterned after the ADA, and the same analysis governs Plaintiff's claims under the ADA and the NFEPA. See *Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 723 (8th Cir. 2002).

As to the first element, a person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)). Plaintiff alleges he has a hearing disability requiring him to communicate through American Sign Language and, thus, has alleged a disability under the ADA.

Plaintiff alleges he applied for a welder position at Vishay. He alleges he performed a welding position while working at Valmont Industries in the past, and the Vishay HR Manager who interviewed him had previously worked at Valmont and knew Plaintiff could weld. Yet, she refused to hire him as a welder because he is deaf. Liberally construed, Plaintiff may be alleging he needed accommodations (e.g., an ASL interpreter) to perform the job, but Vishay refused. To state a failure-to-accommodate claim, a plaintiff first "must establish both a prima facie case of discrimination based on disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). "The plaintiff then has the burden to show 'that the requested accommodation is reasonable on its face, i.e., ordinarily or in the run of cases.'" *Orr v. City of Rogers*, 232 F. Supp. 3d 1052, 1061 (W.D. Ark. 2017) (quoting *Peebles v. Potter*, 354 F.3d 761, 768 (8th Cir. 2004) (internal quotation marks omitted)).

Liberally construed, Plaintiff alleges he was a qualified applicant with a disability and Vishay refused to hire (or consider hiring) him as a welder because Plaintiff is disabled, without considering if accommodations were needed for Plaintiff to perform the job and, if so, could reasonably be provided. These allegations, assumed to be true for the purpose of this review, state a plausible claim of employment discrimination based on disability in violation of Title I of the ADA and the NFEPA.

Plaintiff alleges Vishay falsely told the EEOC that Plaintiff had never applied for employment at Vishay, and it destroyed his application which would have proved otherwise. To the extent he is relying on these allegations to support a retaliation claim, he has failed to state a claim. Since Vishay's hiring decision was made before Plaintiff's EEOC complaint was filed, Plaintiff cannot show Vishay refused to hire him in retaliation for filing an EEOC

complaint. Making a false or misleading statement to the EEOC is not a legally actionable adverse employment action supporting a claim of retaliation in violation of federal law. *Paugh v. Lockheed Martin Corp.*, 474 F. Supp. 3d 861, 868 (W.D. Tex. 2020).

### b. Title III of the ADA

Plaintiff also alleges Defendant discriminated against him in violation of Title III of the ADA, which provides in part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182.

The ADA has three titles addressing discrimination against the disabled in different contexts. "Title I prohibits employment discrimination, 42 U.S.C. § 12112, Title II prohibits discrimination in the services of public entities, 42 U.S.C. § 12132, and Title III prohibits discrimination by public accommodations involved in interstate commerce such as hotels, restaurants, and privately operated transportation services, 42 U.S.C. §§ 12182, 12184." *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir.1998).

Here, Plaintiff's passing reference to a Title III violation based on Defendant's refusal to hire a deaf person is insufficient to allege a plausible Title III claim. *See Woods v. Wills*, 400 F. Supp. 2d 1145, 1161 (E.D. Mo. 2005) ("A person alleging discrimination under Title III must show that (1) she is disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) the defendant took adverse action against the plaintiff based upon her disability, and (4) the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the

8

nature of the public accommodation." (citing 42 U.S.C. § 12182(a) and (b)(2)(A)(ii); *Amir*, 184 F.3d at 1026 (8th Cir.1999))).

Plaintiff's claims of disability discrimination clearly arise in the context of his prospective employment with Defendant and, thus, fall squarely within Title I of the ADA. *See Hill v. Shakopee Mdewakanton Sioux Cmty.,* No. 17-CV-1300 (PJS/LIB), 2017 WL 9672392, at *4 (D. Minn. Oct. 12, 2017), *report and recommendation adopted*, No. 17-CV-1300 (PJS/LIB), 2018 WL 1446413 (D. Minn. Mar. 23, 2018) ("Federal Courts across the country have found that employment discrimination claims must be brought under Title I, and they may not be brought under Title III." (citing cases)); *see also Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998) ("Title III was not intended to govern disability discrimination in the context of employment." (citing *Ford v. Schering–Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998)); *Parker v. Metro. Life Ins. Co.,* 121 F.3d 1006, 1014 (6th Cir. 1997) ("[T]he statutory framework of the ADA expressly limits discrimination in employment practices to Title I of the ADA . . . .").

Accordingly, Plaintiff's discrimination claim under Title III will be dismissed for failure to state a claim upon which relief may be granted.

**B. State Law Claims**

Plaintiff alleges he is entitled to recovery because Vishay made false statements in response to his EEOC complaint and destroyed his job application. The claims based on these facts must arise, if at all, under Nebraska state law.

Plaintiff alleges Vishay's response to his EEOC complaint obstructed justice. Nebraska has recognized claims for obstruction of justice in the context of criminal law. *See, e.g.*, *State v. Rieker*, 14 N.W.3d 855, 873 (Neb. 2025) (citing

9

Neb. Rev. Stat. § 28-907(1)(a)). But Nebraska does not have a standalone claim for civil obstruction of justice.

While not named in Plaintiff's complaint, the Court has also considered whether Plaintiff's allegations could state a civil claim for abuse of process. But under Nebraska law, that claim encompasses conduct in a judicial proceeding. Even assuming Vishay's alleged false statements and destruction of the job application could be considered actionable in a judicial forum, an abuse of process claim under Nebraska law does not apply to a party's conduct in an administrative forum such as the EEOC. *Gordon v. Cmty. First State Bank*, 587 N.W.2d 343, 353 (Neb. 1998).

Plaintiff alleges Vishay engaged in a civil conspiracy to defeat his claim before the EEOC. Under Nebraska law, "a civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means." *Elbert v. Young*, 977 N.W.2d 892, 904 (Neb. 2022). Plaintiff's complaint does not allege Vishay worked with anyone else to deprive Plaintiff of his rights before the EEOC. Moreover, civil conspiracy is not a separate and independent tort under Nebraska law. It requires the existence of an underlying tort, and the Plaintiff must allege Vishay engaged in the conspiracy to commit a tort. Even assuming Vishay, conspiring with another, provided false information to the EEOC, that conspiracy occurred after Plaintiff's application to work at Vishay was denied, and it cannot be considered a cause of Vishay's alleged discriminatory hiring decision. *Gillaspy v. Club Newtone, Inc.*, No. 4:20-CV-13, 2020 WL 7144264, at *3 (N.D. Ind. Dec. 7, 2020), *modified on other grounds*, No. 4:20-CV-13-TLS-APR, 2021 WL 3701463 (N.D. Ind. Aug. 19, 2021) (holding allegations that the defendants conspired against the plaintiff by making false statements to the EEOC did not state an independent civil conspiracy claim); *see also Edwards*

10

*v. Parrish Tire Co.*, No. 1:18CV811, 2019 WL 4246671, at *4 (M.D.N.C. Sept. 6, 2019) (holding an employer cannot be held civilly liable for civil conspiracy or obstruction of justice because statements to the EEOC, a quasi-judicial body, are privileged).

Finally, liberally construed, Plaintiff alleges Vishay destroyed his job application so that if Plaintiff claimed he was not hired due to a hearing disability, it could argue Plaintiff never applied for the job. Destruction of relevant evident is referred to as spoliation, and Plaintiff's job application is arguably relevant to his discrimination claim. Some jurisdictions have recognized an independent tort of spoliation of evidence. *See, e.g., Humana Worker's Comp. Servs. v. Home Emergency Servs., Inc.*, 842 So. 2d 778 (Fla. 2003); *Smith v. Howard Johnson Co.*, 615 N.E.2d 1037 (Ohio 1993). The majority have not. *See, e.g., Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349 (Ind. 2005); *Gath v. M/A-Com, Inc.*, 802 N.E.2d 521 (Mass. 2003); *Richardson v. Sara Lee Corp.*, 847 So. 2d 821 (Miss. 2003); *Timber Tech Engineered Bldg. Products v. The Home Ins. Co.*, 55 P.3d 952 (Nev. 2002); *Cole Vision Corp. v. Hobbs*, 714 S.E.2d 537 (S.C. 2011); *Adobe Land Corp. v. Griffin, L.L.C.*, 236 S.W.3d 351 (Tex. App. Fort Worth 2007); *Hannah v. Heeter*, 584 S.E.2d 560 (W. Va. 2003). Nebraska has not recognized an independent tort of spoliation of evidence.[4]

Plaintiff has not stated a claim under Nebraska law arising from Vishay's alleged destruction of Plaintiff's job application and false statements to the EEOC.

---

[4] Federal law, not state law, applies to motions for <u>sanctions</u> based on spoliation of evidence. *Sherman v. Rinchem Co.*, 687 F.3d 996 (8th Cir. 2012).

11

## C. Request for Counsel

Plaintiff requests appointed counsel, stating he cannot find a lawyer who will represent him without a retainer, and he is unable to pay a retainer. Filing No. 1 at 8. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no current need to appoint counsel. Though Plaintiff's English writing abilities are limited, Plaintiff has filed other cases in this Court in which he has provided sufficient information for the Court to discern his claims and the facts to support them, at least at the initial review stage. *See Ramos v. Tyson Fresh Meats, Inc.*, 8:20-cv-00375-JMG-MDN (Filing Nos. 1, 10, & 12); *Ramos v. Valmont Industries, Inc. et al.*, 8:18-cv-00313- RGK-PRSE (Filing Nos. 1, 12, & 27). As such, Plaintiff's motion for appointment of counsel will be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## IV. CONCLUSION

Keeping in mind the liberal construction due pro se complaints, the lesser pleading standard to which pro se litigants are held, and the fact that Plaintiff's complaint was written in what is not Plaintiff's primary language, the Court concludes, for purposes of initial review, that Plaintiff has alleged plausible claims under Title I of the ADA for discrimination as well as companion claims under the NFEPA, for failing to hire and failing to accommodate. Plaintiff's purported claims under Title VII and Title III of the ADA, and his claims for recovery based on false statements to the EEOC and destruction of his job application, will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, this matter will proceed to service of process. The Court cautions Plaintiff, however, that allowing his claims to proceed to service of process is not a determination of the merits of his claims or potential defenses to them.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims under Title VII and Title III of the ADA, and his civil conspiracy and obstruction of justice claims, are dismissed without leave to amend.

2. This case shall proceed to service of process as to Plaintiff's claims under Title I of the Americans with Disabilities Act for discrimination in failing to hire and failing to accommodate, as well as companion claims under the Nebraska Fair Employment Practice Act.

3. The Clerk of the Court is directed to complete and issue a summons for service on Vishay Dale Electronics, LLC, 1122 23rd St, Columbus, NE 68601-3647, or on its registered agent for service of process, CSC-Lawyers Incorporating Service Company, Suite 1900, 233 South 13th Street, Lincoln,

NE 68508. The Clerk of the Court is further directed to deliver the summons, the necessary USM-285 Form, a copy of Plaintiff's Complaint, Filing No. 1, and this Memorandum and Order to the Marshals Service for service of process on Defendant Vishay Dale Electronics, LLC. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

4. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[5]

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. The Clerk of Court is directed to set a case management deadline using the following text: **December 22, 2025**: deadline for service of process.

8. Plaintiff's request for appointment of counsel is denied, without prejudice.

9. Because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket at the direction of the Court. The Clerk's

---

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 22nd day of September, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge